NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AETNA HEALTH INC. and AETNA LIFE INSURANCE COMPANY, | Civil Case No. 10-4858 (FSH) |
| Plaintiffs, | **OPINION & ORDER** |
| v. | Date: December 22, 2010 |
| DEEPAK SRINIVASAN, M.D.; JOHN DOES 1-10; and ABC CORPORATIONS 1-10, | |
| Defendants. | |

**HOCHBERG, District Judge**

    This matter comes before the Court on Plaintiffs' Motion to Remand the above-captioned action to the Superior Court of New Jersey, Law Division, Camden County. The Court has reviewed the parties' submissions pursuant to Federal Rule of Civil Procedure 78.

**BACKGROUND**

    Defendant Dr. Deepak Srinivasan is a cardiologist at Hackensack Medical Center in Hackensack, New Jersey. Plaintiffs Aetna Health, Inc. and Aetna Life Insurance Company (collectively, "Aetna") are health care benefits and health insurance providers.

    Aetna reimburses charges for out of network services, paying the lesser of the provider's actual charge for services or a pre-determined amount set according to the terms of the relevant benefit plan. Srinivasan is a non-participating provider who has not contracted with Aetna. When a non-participating provider like Srinivasan submits claims to Aetna, Aetna is obligated to

1

cover only charges actually incurred by Aetna insureds.  The typical claim form contains a certification that the information in the form is complete and accurate and that the relevant services were provided in accordance with the laws governing the practice of medicine in New Jersey.

The Complaint alleges that beginning in 2007, Srinivasan submitted claims for "excessive, manifestly unconscionable and overreaching" fees.  (Cmplt. ¶ 44)  The Complaint further alleges that Srinivasan did not disclose these fees to patients and, indeed, that he misrepresented his fees.  Plaintiffs also claim that the claims Srinivasan submitted exceeded his usual charges for the same services.  In submitting these claims, Srinivasan allegedly misrepresented that he was in compliance with the law.

In reliance on the accuracy of the claims submitted by Srinivasan, Aetna paid in excess of $4,900,000 in allegedly unlawful charges between January 1, 2007 and June 30, 2010 and claims to have paid additional unlawful charges since that time.

This action was filed in the Superior Court of New Jersey, Law Division, Camden County on August 13, 2010.  Aetna brings claims for insurance fraud pursuant to the New Jersey Insurance Fraud Prevention Act, common law fraud, negligent misrepresentation, tortious interference, and violations of the New Jersey Board of Medical Examiners Regulations.  Aetna also seeks declaratory and injunctive relief.

On September 21, 2010, Srinivasan removed the instant action to this Court.  Aetna now seeks to remand the action to the Superior Court of New Jersey, Law Division, Camden County.

## DISCUSSION

A defendant who seeks to remove a matter to federal court bears the burden of demonstrating jurisdiction. See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

"A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law."[1] Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d Cir. 2004) (citing 28 U.S.C. §§ 1331, 1441(a)).

"Under the well-pleaded complaint rule, a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." Dukes v. U.S. Healthcare, 57 F.3d 350, 353 (3d Cir. 1995) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-12 (1983)).

"A federal defense to a plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal court." Dukes, 57 F.3d at 353 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 115-18 (1936)). However, "[t]he Supreme Court has recognized an exception to the well-pleaded complaint rule – the 'complete preemption' exception – under which 'Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims

---

[1] Diversity jurisdiction is not at issue here. In his Notice of Removal, Srinivasan asserted that this Court had diversity jurisdiction over the instant action, but he has abandoned that argument. Indeed, this Court does not have diversity jurisdiction over this matter. "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). Neither condition is met here. Both Dr. Srinivasan and Aetna Health, Inc. are citizens of New Jersey. See Notice of Removal ¶ 19; Def. Response to Standing Order ¶¶ 3-4) (Dkt. No. 4); Pltf. Response to Standing Order, Ex. C (Dkt. No. 8) (setting forth that Aetna Health, Inc. is incorporated and has its principal place of business in New Jersey). Additionally, Srinivasan is a citizen of New Jersey, the forum state in which he was sued.

is necessarily federal in character.'" Dukes, 57 F.3d at 354 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)).

I.     PREEMPTION UNDER SECTION 502(a) OF ERISA

"ERISA's civil enforcement mechanism, § 502(a), 'is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"" Pascack Valley Hosp., Inc., 388 F.3d at 400 (quoting Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987))).  Accordingly, "state law causes of action that are 'within the scope of...§ 502(a)' are completely pre-empted and therefore removable to federal court."  Pascack Valley Hosp., Inc., 388 F.3d at 400 (quoting Taylor, 481 U.S. at 66).

In Pascack, the Third Circuit adopted a two part test to determine whether state law claims are completely preempted by § 502(a) of ERISA.  Under this test, "a defendant seeking removal must prove that: (1) the plaintiff could have originally brought the claim under 502 and (2) 'no other legal duty supports [the] claim.'"  Horizon Blue Cross Blue Shield of New Jersey v. East Brunswick Surgery Center, 623 F. Supp. 2d 568, 573-74 (D.N.J. 2009) (quoting Pascack Valley Hosp., Inc., 388 F.3d at 400).

Srinivasan argues that Aetna could have brought the claims asserted in the instant action under § 502(a)(3) of ERISA, which provides that a civil enforcement action may be brought "by a participant, beneficiary, or fiduciary."  While Aetna is clearly neither a participant nor a beneficiary, Srinivasan contends that in bringing this case, Aetna is acting as an ERISA fiduciary.

>Under ERISA, a party acts as a "fiduciary" with respect to a plan to the extent that:
>
>(I) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,
>
>(ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or
>
>(iii) he has any discretionary authority or discretionary responsibility in the administration of such plan...

11 U.S.C. § 1002(21)(A).

Srinivasan argues that Aetna is, in general, an ERISA fiduciary in its administration of various health care plans, but the relevant inquiry in the instant case is whether Aetna is "acting as a fiduciary in proceeding with its claims, or stated another way, does Plaintiff assert its claims...on behalf of the plan beneficiaries." East Brunswick Surgery Center, 623 F. Supp. 2d at 575.

In East Brunswick, a court in this district addressed facts very similar to those of the case at bar.[2]  There, Horizon Blue Cross Blue Shield of New Jersey, a provider of health care benefits and insurance, brought claims for fraud, negligent misrepresentation and tortious interference against East Brunswick Surgery Center, a healthcare provider, based on allegations that East

---

[2] Srinivasan attempts to distinguish East Brunswick by pointing out that the defendant was originally a party to an "in-network" contract with plaintiff and, after terminating the agreement, raised its charges for services and waived co-insurance and other deductibles typically the responsibility of subscribers.  While there is no allegation of such a waiver here, this is hardly sufficient to distinguish the basic legal principles at issue.  Indeed, Srinivasan fails to point to a single holding or piece of legal reasoning in the East Brunswick decision affected by this factual distinction.

Brunswick had submitted fraudulent claims forms. 623 F. Supp. 2d at 570-72. The court noted that:

> Here, what is critical to Plaintiff's claims is not what benefits the plan participants were entitled to under their ERISA plans but the relationship between Plaintiff and its out-of-network and in-network providers. Nor can it be said that a plan participant in the present case could avail itself of ERISA's enforcement provision in such a manner consistent with Plaintiff's position. In pursuing these claims, Plaintiff does not seek to deny or control benefits as a fiduciary but rather, to protect the integrity of its two-tiered provider system.

Id. at 577. The court went on to note that it was not aware of a single case "which has held that a health care plan, similarly situated to Plaintiff, which seeks damages from the overpayment of benefits to a health care provider arising from statutory and common law fraud claims, is acting in a way that enforces the rights of a patient-assignor so as to subject those claims to ERISA's enforcement mechanisms." Id.

Here, Aetna brings claims, like those in East Brunswick, based on allegations that Srinivasan submitted fraudulent claim forms. Aetna is acting in its own capacity, not on behalf of patients. Srinivasan's argument that "'but for' the ERISA plans, and Aetna's fiduciary responsibilities and the patients' assignments to Dr. Srinivasan, there would be no payments" upon which Aetna could base its claims is unavailing. See Def. Opp. 24. The mere fact that Aetna might act as an ERISA fiduciary in other circumstances does not alter its role in bringing the instant action.

Defendant has also failed to demonstrate that ERISA is the basis of the sole legal duty in support of Aetna's claims.

6

In East Brunswick, the court found that plaintiff's claims were based on state law and not on ERISA:

> The fact that a substantial number of the plans at issue are governed by ERISA does not alleviate Defendants of its burden to show that Plaintiff's claims are derived entirely from the particular rights and obligations established by those benefit plans. The Court finds that the basis for Plaintiff's claims lie in New Jersey's insurance fraud statute, which permits a party to simultaneously seek remedies under common law fraud and tortious interference. Thus, these allegations do not implicate the civil enforcement mechanisms of ERISA and fall within the ambit of those claims that may proceed in state court under Pascack.

623 F. Supp. 2d at 578 (internal citations omitted).

Here, too, Aetna's claims are for violations of state laws, and the factual allegations in the complaint relate to abrogations of Srinivasan's duty not to submit fraudulent claims under New Jersey's laws governing insurance fraud.

Srinivasan claims that Aetna's decisions about what medical services are covered by its insurance policies and how much to reimburse medical providers like Srinivasan are "clearly intertwined with the [ERISA] plans themselves.  To sever the plans from the asserted claims is impossible.  'But for' the covered ERISA plans, Aetna and Defendant have no relationship."[3] The Third Circuit rejected a similar argument in Pascack, finding that while the plaintiff's claims "exist 'only because' of that [ERISA] plan," they were nonetheless "predicated on a legal duty that is independent of ERISA," in that case a contractual agreement.  388 F.3d at 402.  Srinivasan has set forth no reason to believe that adjudication of the claims asserted by Aetna will require

---

[3] See Opp. Br. at 20.

interpretation of any ERISA plan or anything other than the facts alleged and the requirements of New Jersey law.[4]

## II. PREEMPTION UNDER SECTION 514 OF ERISA

Srinivasan also argues that Aetna's claims are preempted under Section 514(A) of ERISA. However, "'when the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption.'" Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 275 (3d Cir. 2001) (quoting Dukes v. U.S. Healthcare, 57 F.3d 350, 355 (3d Cir. 1995)). Here, Aetna's claims are not completely preempted pursuant to § 502(a) of ERISA, and Srinivasan has failed to set forth any other independent basis for jurisdiction. Accordingly, this Court "lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." Dukes, 57 F.3d at 355.

## III. ATTORNEY'S FEES

In addition to moving for remand, Aetna seeks an award of attorney's fees.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This provision "authorizes courts to award costs and fees, but only when such an award is just." Martin v. Franklin Capital Corp., 546 U.S. 132, 138 (2005).

---

[4] Srinivasan also relies on a court in the District of Rhode Island's decision in Blue Cross & Blue Shield v. Korsen, No. 09-317L (RRL), 2010 U.S. Dist. LEXIS 116175 (D.R.I. Oct. 27, 2010). The Korsen decision, however, is inapposite. There, "the crux of the dispute between the parties [] involves a benefits determination" whether or not a particular service – the use of motorized massage equipment in treatment – constituted "mechanical traction," a specific category of care under the applicable ERISA plan. Korsen, 2010 U.S. Dist. LEXIS 116175, at *15-16.

"[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141.

Srinivasan's removal of this action was based on ERISA preemption, a complex area of law.  In opposing this motion, Srinivasan was able to set forth relevant case law and to provide a cogent, if ultimately unavailing, argument for his position.  This Court finds that Srinivasan had a colorable basis for removal, and Aetna is not entitled to payment of its fees and costs.  See East Brunswick Surgery Center, 623 F. Supp. 2d at 578-79.

## CONCLUSION

Aetna asserts claims under New Jersey state law, and, as set forth above, those claims are not preempted by ERISA.  Accordingly, this Court lacks jurisdiction over this matter.

**IT IS** on this 22nd day of December, 2010,

**ORDERED** that Plaintiffs' motion to remand this action is **GRANTED**; it is further

**ORDERED** that this case is **REMANDED** to the Superior Court of New Jersey, Law Division, Camden County; and it is further

**ORDERED** that this case is **CLOSED**.

The Clerk of the Court is directed to terminate the motion (Docket No. 9) and to close the case.

    /s/ Faith S. Hochberg

**Hon. Faith S. Hochberg, U.S.D.J.**